**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00369-REB

TOMMY ROLDAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3] filed February 22, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that he is disabled as a result of a variety of impairments, including degenerative joint disease of the spine, right-side numbness and tingling, emphysema, neck, back, and lower extremity pain, and mental illness and impaired intellectual functioning. After his application for supplemental security income benefits was denied initially, plaintiff requested a hearing before an administrative law judge. A

hearing was held on September 20, 2007.  At the time of this hearing, plaintiff was 54 years old.  He has a high school equivalency degree and past work experience as a construction worker and laborer.  Plaintiff has not engaged in substantial gainful activity since June 5, 2006, the date of his application for supplemental security income benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to and supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe physical and mental impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  He determined that plaintiff had the residual functional capacity for medium work.  Although this finding precluded plaintiff's past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that he could perform.  The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518,

2

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

3

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff argues that the ALJ's determination of his physical residual functional

4

capacity does not coincide with the medical evidence on which it purportedly was based.  In addition, plaintiff claims the ALJ's opinion regarding his functional mental limitations is not supported by substantial evidence.  I agree on both counts, and therefore reverse.[1]

In determining plaintiff's physical residual functional capacity, the ALJ found, *inter alia*, that plaintiff could "lift and carry 25 pounds *frequently* and 50 pounds occasionally." (Tr. 15 (emphasis added).)  This finding was purportedly based on the opinion of a consultative examiner, Dr. Thomas Bartlett, to whose opinion the ALJ claimed he afforded "great weight." (Tr. 18.)  However, as the ALJ himself reported, Dr. Bartlett concluded that plaintiff could only lift and carry 25 to 50 pounds *occasionally*.  (Tr. 18, 197.)  The discrepancy between this finding and Dr. Bartlett's opinion is not inconsequential.  Not only do the two terms have distinct meanings, **see Social Security Ruling 83-10**, 1983 WL 31251 at *5-*6 (SSA 1983) ("occasionally" means "occurring from very little up to one-third of the time," whereas "frequently" means "occurring from one-third to two-thirds of the time"), but the jobs the ALJ identified as being within plaintiff's residual functional capacity all contemplate the capacity to perform medium work, which requires "*frequent* lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c) (emphasis added).  If plaintiff can lift 25 pounds

---

[1] In addition, although the ALJ noted at the hearing that the effect of plaintiff's alcohol abuse on his alleged impairments would be an issue for determination (Tr. 258-259), and found alcohol abuse to be a severe impairment (Tr. 14), his opinion failed to analyze th whether drug or alcohol abuse or addiction were contributing factors material to the finding of disability, as required by the Contract With America Advancement Act of 1996.  **See** Pub. L. 104-121, 110 Stat. 847, §§ 105(a)(1)(C) & 105(b)(1)(I) (codified at 42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(I)); **see also Drapeau v. Massanari**, 255 F.3d 1211, 1214 (10th Cir. 2001).  This oversight should be rectified on remand as well.

5

only occasionally, he is not capable of medium work.

The Commissioner maintains that the opinion is nevertheless supported by substantial evidence because the vocational expert testified at the hearing that even if plaintiff could only occasionally lift 25 pounds, the medium exertion jobs she identified would still be available. (Tr. 299.) Aside from the improper *post hoc* nature of this rationalization, *see Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005), the vocational expert failed to explain the apparent conflict between her statement and the description of the jobs she identified as set forth in *Dictionary of Occupational Titles*. "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). **See also Social Security Ruling 00-4p**, 2000 WL 1898704 at *2-*3 (SSA Dec. 4, 2000).[2] As there is no other substantial evidence in the record to support the lifting abilities found by the ALJ,[3] his determination of plaintiff's physical residual functional capacity is insupportable.

The ALJ also erred in assessing the functional limitations imposed by plaintiff's mental impairments, although not for the reasons plaintiff asserts. Although plaintiff

---

[2] Nor did the ALJ fulfill his duty to ask the vocational expert whether her testimony was consistent with the *Dictionary of Occupational Titles*. **See Social Security Ruling 00-4p**, 2000 WL 1989704 at *2 ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.")

[3] Although there is a residual functional capacity assessment in the record that suggests plaintiff can lift 25 pounds frequently (Tr. 200), the ALJ did not rely on that report. **See Grogan**, 399 F.3d at 1263 Moreover, it was completed by a "single decision maker," who is not a medical professional of any stripe, and whose opinion accordingly is entitled to no weight. *Goupil v. Barnhart*, 2003 WL 22466164 at * 2, n.3 (D. Me. Oct. 31, 2003).

claims the ALJ parsed the opinion of a non-examining psychiatrist, Dr. Donald G. Glasco in fashioning his mental residual functional capacity determination (*see* Tr. 207-209), that exhibit is nowhere referenced in the ALJ's opinion. Instead, the ALJ addressed only the consultative psychological examination performed by Dr. Richard Madsen in October, 2006. Dr. Madsen concluded that plaintiff's cognitive functioning was impaired and that he would "have difficulty maintaining a regular work schedule; focusing and concentrating on work; [and] relating to peers, coworkers, supervisors, and the general public." (Tr. 193.) In 2007, Dr. Madsen further opined that plaintiff had "marked" limitations in his ability to understand, remember, and carry out detailed instructions, maintain concentration for extended periods of time, and work in coordination with or proximity to others without being unduly distracted. (Tr. 246.) The ALJ, however, discounted all these findings on the ground that there was no evidence to support them. (Tr. 19.)

Although the ALJ bears ultimate responsibility for determining plaintiff's residual functional capacity, *see* 20 C.F.R. § 416.946(c); ***Sosa v. Barnhart***, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), ***adopted***, 2003 WL 21428384 (D. Kan. Jun. 17, 2003), he must base any opinion contrary to a medical source statement on something more than simply his own lay opinion regarding the import of the medical evidence, *see **Hamlin v. Barnhart***, 365 F.3d 1208, 1221 (10th Cir. 2004). Here, the ALJ discounted Dr. Madsen's opinions as unsupported, but cited to no positive medical or other evidence to

7

contradict those findings.[4]  ***See McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may reject medical opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion") (citation and internal quotations marks omitted).  It was improper for the ALJ to fill the vacuum left by his decision to discredit portions of Dr. Madsen's medical source statement with his own assessment that plaintiff had no difficulty in relating to peers, coworkers, supervisors, and the general public or that he had adequate concentration, persistence, and pace to maintain regular employment.[5]

Accordingly, this case must be remanded.[6]  Plaintiff requests that I direct that his case be reassigned to a different ALJ on remand.  The transcript of the hearing does include several comments by the ALJ that appear unnecessarily adversarial and unsympathetically flippant.  (Tr. 266, 269, 280.)  Although such comments are undoubtedly inappropriate, I do not believe they justify a recommendation that the case be transferred to a different judge on remand.  ***Cf. Sarchet v. Chater***, 78 F.3d 305, 309 (7th Cir. 1996).[7]

---

[4]  Instead, the ALJ noted that Dr. Madsen found plaintiff to be "oriented X 3, [] able to recall the year, month, day, day of the month and day of the week" and that his "thought processes and thought content [were] normal."  (Tr. 19.)  In relation to the alleged infirmities in Dr. Madsen's opinions, these findings are simply non-sequiturs.

[5]  Moreover, if there were any doubt regarding the scope or import of Dr. Madsen's medical opinion, the ALJ was obligated to recontact him for clarification.  ***See*** 20 C.F.R. § 416.927(c)(3); **Social Security Ruling 96-5p**, 1996 WL 374183 at *6 (SSA July 2, 1996).

[6]  By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

[7]  Concomitantly, nothing in the record rises to the level of fundamental unfairness such as would justify an order *requiring* that the case be reassigned on remand.  ***See*** 20 C.F.R. § 404.940; ***Sutherland v. Barnhart***, 322 F.Supp.2d 282, 292 (E.D.N.Y. 2004).

8

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate plaintiff's physical and mental residual functional capacity consistent with this opinion;

    b.    Recontact Drs. Bartlett and Madsen or other treating or examining sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative examinations, or otherwise further develop the record as he deems necessary;

    c.    Evaluate whether drug and/or alcohol abuse or addiction are factors material to the finding of disability; and

    d.    Reassess the disability determination.

Dated February 13, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge